## Hiram D. Hurd and others v. Archibald P. Newton.

*Rulings on evidence: Printed record: Objections abandoned.* Objections to
rulings on evidence, relating to a deposition which is not printed in the
bill of exceptions, and others which are not noticed in the brief of plain-
tiffs in error, are not considered.

*Question of fact: Submission to the jury: Lack of evidence: Error will not
be presumed.* Where one of three partners is defending against a draft,
drawn in the firm name by one of his partners to be used to pay the
individual debt of the third partner, the submission to the jury of the
question whether he did not authorize the giving of the draft, or ratify
it afterwards, will not be held to be error where it appears that he was
himself questioned as a witness on this subject and answered fully, but
none of his evidence is given in the record. Error will not be presumed.

*Charge to the jury: Special requests.* The refusal of special requests to
charge is not error where the charge as given is full, clear and explicit
on the points involved, and as favorable to the party complaining of it
as the case would warrant.

*Submitted on briefs January 18.    Decided January 23.*

Error to Cheboygan Circuit.

*Atkinson & Atkinson,* for plaintiffs in error.

*Watts S. Humphrey,* for defendant in error.

GRAVES, J:

Newton recovered below on a draft for three thousand
dollars, drawn in his favor on Bickford & Co., of Chicago,
and which was signed, Hurds & Smith, such being the firm
name of the plaintiffs in error. It was in fact made by
Hiram D. Hurd, with Smith's assent, and for Smith's in-
dividual debt, and this was known to Newton when he
received it. The position of plaintiffs in error was, that
Charles A. Hurd never in any manner gave his assent or
sanction to the transaction, and that the firm were there-
fore not liable. Newton claimed, on the contrary, that
Charles A. Hurd either actually authorized the giving of
the draft, or at least subsequently assented to or confirmed
it. The real contest at the trial was upon these opposing

claims. All the parties were made witnesses and their testimony was conflicting.

The record shows some objections to rulings on evidence, and particularly to several relating to a deposition, which the bill of exceptions refers to as a schedule annexed. But no such schedule is printed, and these objections, as well as others concerning the admission of evidence, are not noticed in the brief, and we therefore regard them as abandoned.

The firm of Hurds and Smith dealt in lumber at Cheboygan. H. D. Hurd, as one of the firm, attended to the books and the money matters at Cheboygan, and Smith looked after the business outside. He was likewise engaged on his individual account, in getting out lumber for the firm to a large amount, under a special arrangement, the particulars of which do not appear, and he had delivered a great quantity. On the other hand, he had been paid some four thousand dollars more than the lumber he had delivered amounted to. But a large amount of lumber which had been got ready, or nearly ready, for delivery, was expected to be delivered at an early day.

Charles A. Hurd lived at Buffalo, and could not be at once consulted. The whole evidence is not reported. It appears that Charles A. Hurd was asked whether there was any previous agreement under which the draft was given, and that he answered fully as to the point. None of this evidence is, however, given in the record, and we cannot judge of its import. We cannot say that it was not sufficient to require the circuit judge to submit to the jury, whether Charles A. Hurd did not authorize the drawing of the draft by the firm as a payment or advance by it to Smith.

Some slight evidence is reported of subsequent negotiations between the parties, concerning the assumption of the draft, and which, in view of the relations of the parties in their business operations, and the surrounding circumstances, was proper to be left to the jury, on the inquiry as to

whether Charles A. Hurd either authorized the draft, or afterwards acceded to its being a firm transaction.

Counsel for plaintiffs in error made several special requests, which were refused, and complaint is made of these refusals, and also of the charge as given. On examination of the charge we find it to have been full, clear and explicit on the points involved, and in view of the evidence which seems to have been given. And we cannot see that any thing more or different was required to enable the jury to find a true verdict. It would be a waste of time to cite the charge in connection with the evidence at length, and enter upon a minute commentary upon it. If fault was committed, it was not by the judge.

As no error is shown, the judgment must be affirmed, with costs.

The other Justices concurred.